SCANNED

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

Benny Hodge AKA BENNY HUNNA , Plaintiff

Vs

**03-21  0690**

TERMINIX GLOBAL HOLDINGS, INC AKA SERVICEMASTER GLOBAL HOLDINGS,

INC, Defendant

Oscar Avila, Defendant

Jason Black, Defendant

Tia Best, Defendant

Robert Newland, Defendant

Vann Darden, Defendant

Dan Zaccagnino, Defendant

**<u>DEMAND FOR JURY TRIAL</u>**

## Introduction

Now comes Benny Hodge ("Plaintiff") on behalf of himself to bring this civil action against TERMINIX GLOBAL HOLDINGS, INC ("Defendant"), Oscar Avila ("Defendant"), Tia Best ("Defendant"), Jason Black ("Defendant"), Robert Newland ("Defendant"), Dan Zaccagnino ("Defendant"), and Vann Darden ("Defendant") complaining as to the wrongful termination of Benny Hodge, continuous discriminatory behavior, and overt discriminatory actions of TERMINIX GLOBAL HOLDINGS, INC and as well as all Defendants against Benny Hodge.

## NATURE OF THIS ACTION

1. Plaintiff brings this action for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq

2. Plaintiff brings this action for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983 et seq

3. Plaintiff brings this action for damage pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1985 et seq

4. Plaintiff brings this action for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1986 et seq

5. Plaintiff brings this action for damages pursuant to rules federal and common law for Civil Conspiracy.

## JURISDICTION AND VENUE

6. This action arises under and is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, 42 U.S.C. § 1983 et seq, 42 U.S.C. § 1985 et seq, 42 U.S.C. § 1986 et seq, and Civil Conspiracy common law as well as federal.

7. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as action arises under the laws of the United States.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all Defendants conduct and/or have conducted business in the Middle District of Tennessee and the events that gave rise to this action occurred within the Middle District of Tennessee.

### Parties

9. Plaintiff is a "human being" as defined by 1 U.S.C. § 8.

10. Plaintiff is a wrongfully terminated former employee of Defendant and was employed by Defendant since at, around or about the month of June 2014 to March 5, 2021.

11. Defendant is a "person" as defined by 47 U.S.C. § 153 (39).

12. TERMINIX GLOBAL HOLDINGS, INC ("Defendant") is one of the largest pest control companies in the world. Defendant is organized under the laws of the state of Delaware with its principal place of business located at 150 Peabody Place, Memphis, Tennessee 38103.

13. Oscar Avila ("Defendant"), Tia Best ("Defendant"), Jason Black ("Defendant"), Robert Newland ("Defendant"), and Vann Darden ("Defendant") are the individuals that acted on behalf of, in concert with, and through and by the authority of

TERMINIX GLOBAL HOLDINGS, INC. The Defendants named in line 13 principal place of business is and/or was 6640 New Nashville Hwy Smyrna, Tn 37167.

14. Defendant(s) acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and/or insurers at all times relevant to this action.

## Facts Supporting Causes of Action

15. In the month of June 2014 Plaintiff began employment with Defendant.

16. In March 2014 Plaintiff received an email from a representative of Defendant to fill out an application for the position of Residential Sales Rep-100713 which it was completed.

17. In June 2014 Plaintiff was contacted by a representative of Defendant named Robert Newland to fill out an application for the position of Branch Termite Renewal Inspector – 100890.

18. Plaintiff was unaware of what the Branch Termite Renewal Inspector positions duties were because Plaintiff was told he would be working in the termite department as a Termite Technician not knowing the positions had different pay and different duties.

19. Plaintiff was unaware of the Defendants unlawful practices until two former employees of Defendant was hired named "William" and "Christopher".

20. "William" and "Christopher" were hired at a wage higher than the wage Plaintiff was receiving with no experience, seniority, productivity, or state certification.

21. May 10th 2016 Plaintiff notified Defendant/Defendants representative, Robert Newland/ email rnewland@terminix.com , by email of what I understood to be a violation of my civil as well as human rights. Plaintiff received no response

22. May 19th 2016 Plaintiff notified Defendant/Defendants representative, Dan Zaccagnino/ email dzaccagnino@terminix.com , by email of what I understood to be a violation of my civil as well as human rights. Plaintiff received no response.

23. June 10th 2016 Plaintiff notified Defendant/Defendants representative, Larry Everette/ email deverette@terminix.com , by email of what I understood to be a violation of my civil as well as human rights. Plaintiff received no response.

24. June 10th 2016 Plaintiff notified Defendant/Defendants representative, Jason Black/ email jblack@terminix.com , by email of what I understood to be a violation of my civil as well as human rights. Plaintiff received no response.

25. November 1st 2019 Plaintiff notified Defendant/Defendants representative, Vann Darden/ email vdarden@terminix.com , by email of what I understood to be a violation of my civil as well as human rights. Plaintiff received no response.

26. During my 6 plus years of employment with Defendant, Robert Newland has been service manager as well as branch manager and is now a pest technician. He has full knowledge of this violation from beginning to present day.

27. During my 6 plus years of employment with Defendant, Dan Zaccagnino has been the human resource personnel for my branch. Dan Zaccagnino has had knowledge of this violation from May 19th 2016 to present day.

28. Mr. Everette was regional manager when he was notified of this violation. To the best of my knowledge he is now district manager and has moved up in the company and has done nothing about this violation.

29. Mr. Jason Black was the branch manager of Terminix Murfreesboro Branch 2157 when he was notified of this violation. To the best of my knowledge he is now regional manager and has moved up in the company and has done nothing about this violation.

30. Mr./Pastor Vann Darden was working in sales at my branch when I told him verbally initially about the discrimination and violations. Pastor Darden was officially emailed once he became branch manager and did nothing about this violation. Pastor Darden to the best of my knowledge now works in another department of Terminix.

31. July 22nd 2020 the current branch manager of Terminix Murfreesboro Branch 2157 Oscar Avila was notified by email of the discrimination and violations against me.

32. Oscar Avila was the only representative of the Defendant to respond to my complaint to him. Defendant's representative sent me an email which gave me an understanding of how he viewed me as a fellow employee. Defendant's representative was negative and inaccurate in his response email and nothing has yet to be done to remedy the violations against me.

33. Defendant has access to every work order Plaintiff has completed and through those work orders in comparison to other employees there legally should be no employee who is being paid at or more than me as an hourly employee.

34. 2019 Plaintiff worked as a termite technician, pest technician, and termite inspector.

35. During my yearly review the Defendant changed my grade of 3 to a grade of 2 on my review causing me to get no raise.

36. Many hourly employees were hired during my 6 plus years of employment and I am positive through a Motion of Discovery these overt rights violations and conspiracies will be revealed.

37. Defendant/ Defendant's representatives are and have been made fully aware of these rights violations. Through Motion of Discovery and deposition Plaintiff will reveal the conspiracy that was put in place to violate his rights.

38. Defendant/ Defendant's representatives are and have been made fully aware of these rights violations. Through Motion of Discovery and deposition Plaintiff will reveal the neglect to prevent these violations from happening as well as continuing as they continue today.

39. Plaintiff will reveal through Motion of Discovery and deposition that other branches in the same region as Terminix Murfreesboro Branch 2157 have remedied these same or similar violations.

40. Plaintiff will reveal through Motion of Discovery and deposition that this discrimination has consistently happened to Plaintiff during Defendant's knowledge of violations, after Defendant's knowledge of violations, and presently.

41. Plaintiff will reveal that Defendant hired Plaintiff at a lower rate and different position than he actually worked.

42. Defendant has continuously violated Plaintiff's rights continuously.

43. Defendant conspired against Plaintiff violating Plaintiff's rights in a continuing crime through overt acts.

44. Defendant had and has the power to prevent these continuous crimes from happening and did not or has not stopped these continuous and overt acts from taking place after numerous times of being made aware.

45. Defendant conspired and retaliated against Plaintiff.

46. Defendant wrongfully terminated Plaintiff.

47. Defendant harmed Plaintiff intentionally by wrongfully terminating him in the mist of the worst pandemic and financial crisis of this life time.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief, redress, and judgement as follows:

A. Awarding Plaintiff damages and interest.

B. Awarding Plaintiff's court cost for this proceeding.

C. Awarding Plaintiff for pain, suffering, mental anguish and anxiety that Plaintiff developed and endured during the mental and psychologically stressful period where Defendant was violated.

D. Awarding Plaintiff 3 million dollars and/or other relief and redress as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.


DATED: September 6, 2021

Benny Hodge

X ~~(signature)~~
Benny Hodge

2500 MURFREESBORO PIKE 105-342

NASHVILLE, TN 37217

UNITED STATES DISTRICT COURT

**CLERK, U.S. DISTRICT COURT**
800 U.S. COURTHOUSE
NASHVILLE, TENNESSEE 37203

OFFICIAL BUSINESS

Name _Benny Hodge_

Case/Docket No. _____

Address & Phone No. _2500 Murfreesboro Pike 105 -342_

_615-571-9144_

Amount of Payment $ _Will pay later this week_

NO CASH ACCEPTED (CHECKS/MONEY ORDERS ONLY)

