UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BENNY HODGE,<br><br>　　Plaintiff,<br><br>v.<br><br>TERMINIX GLOBAL HOLDINGS, INC., et al.,<br><br>　　Defendants. | Case No. 3:21-cv-00690<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

　　This action arises out of pro se Plaintiff Benny Hodge's employment with Defendant Terminix Global Holdings, Inc. (Doc. No. 60.) Hodge alleges that Terminix and Defendants Tia Best, Robert Newland, Vann Darden, and Jason Black discriminated against him because of his race and conspired to terminate his employment. (*Id.*) The defendants have moved to dismiss Hodge's claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state any claims on which relief may be granted. (Doc. Nos. 25, 27, 29, 39, 61.) For the reasons that follow, the Magistrate Judge will recommend that the Court grant the defendants' motions and dismiss this action.

I.      Background

   A.      Factual Background[1]

Terminix hired Hodge, who identifies as an Indigenous American, in June 2014 to work as a termite technician at Terminix Branch 2157 in Smyrna, Tennessee. (Doc. No. 60.) Hodge alleges that Newland, a Terminix representative, intentionally misclassified Hodge's employment in order to pay Hodge less than white termite technicians working at the same branch. (*Id.*) On February 1, 2016, Newland asked Hodge to sign a dispute resolution plan agreeing to waive certain rights, but Hodge refused. (*Id.*) A few months later, Hodge emailed Newland and Terminix human resources manager Dan Zaccagnino to complain that Terminix was paying him less than less-qualified white employees whom Hodge had to train. (*Id.*) Neither Newland nor Zaccagnino responded. (*Id.*) Hodge emailed similar complaints to Black, who was then a Terminix branch manager, and Larry Everette, a Terminix regional manager, who also did not respond. (*Id.*) Black later became a regional manager. (*Id.*) Hodge told Darden about the discrimination when Darden worked in sales at Terminix, and Hodge sent Darden a formal email about the discrimination in November 2019 when Darden became a branch manager. (*Id.*) Darden did nothing in response to Hodge's complaints. (*Id.*)

Hodge began a new position working as a termite renewal inspector while Darden was a branch manager, but Darden moved Hodge back to his former position as a termite technician while still paying him less than or the same amount as less-qualified white termite technicians. (*Id.*) Hodge alleges that, during his 2019 yearly review, the defendants "changed [his] grade of 3 to a grade of 2 . . . causing [him] to get no raise." (*Id.* at PageID# 213, ¶ 41.) In July 2020, Hodge

---

[1]     The facts in this section are drawn from Hodge's amended complaint (Doc. No. 60) and taken as true for purposes of resolving the pending motions to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

emailed branch manager Oscar Avila to complain about pay discrimination, but Avila sent a "negative and inaccurate . . . response email" and did nothing to address the discrimination. (*Id.* at ¶¶ 39, 38.)

Hodge states that he emailed upper-level Terminix officials on February 26, 2021. (Doc. No. 60.) Within a week, Best, who was a Terminix manager, Avila, and Zaccagnino "created a false narrative to terminate [Hodge's] employment" (*id.* at PageID# 216–17) and "falsified [Hodge's] termination documents" (*id.* at PageID# 213, ¶ 46). Specifically, while Hodge "was off of work for a period of time for short term disability . . .[,]" Best "gave incorrect information to the 'short term disability people'." (*Id.* at PageID# 217.) Terminix ended Hodge's employment on March 5, 2021. (Doc. No. 60.) Hodge alleges that, before the defendants fired him, he "was the most productive Termite Technician" at Branch 2157. (*Id.* at PageID# 214, ¶ 51.)

**B.  Procedural History**

Hodge initiated this action on September 3, 2021, by filing a pro se complaint bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, under 42 U.S.C. §§ 1983, 1985, and 1986, and claims for common law civil conspiracy against Terminix, Black, Best, Newland, Darden, Avila, and Zaccagnino. (Doc. No. 1.) The Court extended Hodge's deadline to effect service of process on the defendants under Federal Rule of Civil Procedure 4(m) three times. (Doc. Nos. 12, 34, 54.) Best, Darden, Newland, and Black were served and appeared and have moved to dismiss Hodge's complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 13, 14, 16–19, 22, 25, 27, 29, 35, 39.) Hodge responded in opposition to the motions to dismiss, arguing that he has evidence to support his claims and that the defendants participated in a conspiracy against him that resulted in the termination of his employment. (Doc. Nos. 45–48.) Best, Darden, Newland, and Black filed replies reiterating their dismissal arguments and further

arguing that Hodge is not entitled to discovery because his claims are legally insufficient. (Doc. Nos. 49–52.)

Hodge also filed a motion for leave to amend his complaint (Doc. No. 44), which Best, Darden, Newland, and Black opposed (Doc. No. 53). In a prior order, the Court found that, because Hodge filed his motion for leave to amend "during the period when he was entitled to file an amended complaint as a matter of course under Rule 15(a)(1), . . . he should be afforded an opportunity to file an amended complaint that includes all of the factual allegations he wants the Court to consider." (Doc. No. 54, PageID# 191.) The Court therefore ordered Hodge to file an amended complaint and found moot his motion for leave to amend. (Doc. No. 54.) The Court directed that Best's, Darden's, Newland's, and Black's motions to dismiss would "remain pending and the Court [would] consider whether the defects identified in the defendants' motions warrant dismissal of Hodge's amended complaint after it is filed." *Id.* at PageID# 191 (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. updated Apr. 2022)).)

Hodge filed an amended complaint against Terminix, Best, Darden, Newland, and Black.[2] (Doc. No. 60.) Unlike the original complaint (Doc. No. 1), the amended complaint does not provide legal citations to the statutes governing Hodge's asserted claims. (Doc. No. 60.) Instead, Hodge's amended complaint states that he asserts claims under "federal and common law" for "[c]ivil [c]onspiracy[,]" "deprivation of rights[,]" "[c]onspiracy to interfere with civil rights[,]" "neglect to prevent deprivation of rights[,]" and "Equal Pay/Compensation Discrimination," and asserts claims under "federal, common, and international law" for "deprivation of human rights[,]"

---

[2] The amended complaint does not assert claims against Avila or Zaccagnino (Doc. No. 60), and the Court has terminated Avila and Zaccagnino as defendants in this action.

"neglect to prevent the deprivation of human rights[,]" and "deprivation of rights of Indigenous peoples." (*Id.* at PageID# 208–09, ¶¶ 1–8.)

Terminix appeared and filed a motion to dismiss Hodge's amended complaint under Rule 12(b)(6), arguing that Hodge has failed to state any claims against it on which relief may be granted. (Doc. Nos. 61, 67.) Best, Darden, Newland, and Black have filed supplemental memoranda in support of their motions to dismiss similarly arguing that the Court should dismiss Hodge's amended complaint under Rule 12(b)(6) for failure to state any plausible claims for relief. (Doc. Nos. 63–66.) The defendants argue that Hodge has abandoned his claims under Title VII and 42 U.S.C. §§ 1983, 1985, and 1986 because he does not mention these statutes in his amended complaint. (Doc. Nos. 63–67.) Even if Hodge has not abandoned these claims, the defendants argue, his Title VII claims fail to state a claim for relief because he did not exhaust his administrative remedies by filing a discrimination charge with the Equal Employment Opportunity Commission (EEOC). (Doc. Nos. 63–67.) The individual defendants further argue that they do not qualify as employers under Title VII and that the statute does not provide a cause of action against non-employer individual defendants. (Doc. Nos. 63–66.)

The defendants further argue that any unabandoned § 1983 claims in the amended complaint fail because the defendants are not state actors subject to liability under § 1983. (Doc. Nos. 63–67.) They argue that any conspiracy claims—including any unabandoned claims under § 1985 and common law—fail because a company and its employees acting within the scope of their employment cannot conspire with each other and because Hodge has not sufficiently alleged any underlying tortious conduct. (Doc. Nos. 63–67.) The defendants also argue that any unabandoned § 1986 claims fail in the absence of a viable § 1985 claim. (Doc. Nos. 63–67.)

The defendants argue that, to the extent Hodge's claims in the amended complaint for equal pay and compensation discrimination can be construed as claims under the Equal Pay Act, 29 U.S.C. § 206(d), these claims fail because Hodge has not alleged pay discrimination based on his sex. (Doc. Nos. 63–67.) Finally, they argue that Hodge's human rights and indigenous peoples claims under international law fail because there are no causes of action available to enforce these claims in federal court. (Doc. Nos. 63–67.)

Hodge has responded in opposition to Terminix's motion to dismiss and to Best's, Darden's, Newland's, and Black's supplemental memoranda. (Doc. Nos. 69–73.) Again, he argues that he has evidence to support all his claims and that the defendants engaged in overt and continuous acts of discrimination as part of a conspiracy against him that resulted in the termination of his employment. (Doc. Nos. 69–73.) Terminix did not file an optional reply in support of its motion to dismiss, and Best, Darden, Newland, and Black have not filed anything further in support of their motions to dismiss. The defendants' motions are therefore ripe for the Court's review.

## II.     Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*

*v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Hodge appears pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III. Analysis**

Liberally construed, Hodge's amended complaint asserts employment discrimination claims based on his race under federal law. (Doc. No. 60.) Title VII prohibits employers from discriminating against any employee because of race, color, religion, sex, or national origin and is typically the vehicle for the type of claims Hodge is pursuing. 42 U.S.C. § 2000e-3(a). The defendants' argument that Hodge has abandoned his claims under Title VII and under 42 U.S.C. §§ 1983, 1985, and 1986 by failing to mention these statutes in his amended complaint is unpersuasive. The Federal Rules of Civil Procedure do not require plaintiffs to pin their claims for

7

Case 3:21-cv-00690   Document 74   Filed 01/30/23   Page 7 of 14 PageID #: 275

relief to a precise statute or legal theory. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Consequently, "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters." *Knapp v. City of Columbus*, 93 F. App'x 718, 720 (6th Cir. 2004) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988)). The Court will therefore consider Hodge's factual allegations to determine if he has stated any plausible claims for relief against the defendants under Title VII, §§ 1983, 1985 and 1986, Tennessee common law civil conspiracy, the Equal Pay Act, and international law governing human rights and the rights of indigenous peoples. *See Knapp*, 93 F. App'x at 720 ("The court's duty is to look to the facts and grant the necessary relief as justice requires—not to demand that certain citations or phrases are used.").

### A. Hodge's Title VII Claims

The defendants argue that the Court must dismiss any claims in the amended complaint arising under Title VII because Hodge did not exhaust his administrative remedies before initiating this action. (Doc. Nos. 63–67.) Title VII requires plaintiffs to present their claims to the EEOC before filing suit in federal court so that the agency can investigate the claims and determine whether to take legal action on the plaintiffs' behalf. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846–47 (2019) (discussing 42 U.S.C. § 2000e-5). "Only after the EEOC elects not to act—or after 180 days pass—may the claimant proceed to federal court." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (citing *id.* at 1851–52). Failure to exhaust administrative remedies is an affirmative defense to Title VII claims. *O'Bryan v. US Bank Nat'l Assoc.*, No. 3:20-cv-00153, 2020 WL 4753844, at *5 (M.D. Tenn. Aug. 17, 2020); *see also Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002) ("Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII . . . action.").

The docket shows that Hodge has not alleged that he filed an EEOC charge, has not filed a copy of such a charge or a right-to-sue letter from the EEOC, and has not responded to the defendants' arguments that he failed to exhaust his claims with the EEOC. Hodge cannot overcome the affirmative defense that he failed to exhaust his administrative remedies. Further, even if Hodge had exhausted his Title VII claims against Best, Darden, Newland, and Black, these defendants are correct that individuals "cannot be held personally liable for violations of Title VII." *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir.2012) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)). Because Hodge has not pleaded that these defendants are employers subject to liability under Title VII, he has not adequately stated Title VII claims against them.

### B. Hodge's § 1983 Claims

Hodge's amended complaint alleges general claims of "deprivation of rights." (Doc. No. 60, PageID# 208, ¶ 2.) The Court construes these as claims under § 1983, which provides a cause of action to any person deprived of federal rights by a person acting under color of state law. 42 U.S.C. § 1983. "To survive a motion to dismiss a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Fritz*, 592 F.3d at 722. The defendants argue that Hodge has not adequately alleged that any of them acted under color of state law for purposes of § 1983. (Doc. Nos. 63–67.) Hodge has not responded to this argument.

Hodge alleges that Terminix "is one of the largest pest control companies in the world" and "is organized under the laws of the state of Delaware . . . ." (Doc. No. 60, PageID# 210, ¶ 17.) "The issue of whether a private corporation is 'a state actor' or 'acted under color of state law' is a question of law for the Court's determination." *Probst v. Cent. Ohio Youth Ctr.*, 511 F. Supp. 2d 862, 867 (S.D. Ohio. 2007) (citing *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002)). For a private entity like Terminix to act under color of state law for § 1983 purposes, the entity's

actions must "so approximate state action that they may be fairly attributable to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). The Sixth Circuit recognizes four tests to determine whether conduct by a private entity satisfies § 1983's state action requirement:

> (1) whether the private entity was serving a traditionally public function (the "public function test"); (2) whether the government coerced or substantially encouraged the action taken by the private entity (the "state compulsion test"); (3) whether the public and private entities have a symbiotic relationship (the "symbiotic relationship or nexus test"); and (4) whether the public and private entities are so entwined that it is fair to apply constitutional standards to the private entity's actions (the "entwinement test").

*Snodgrass-King Pediatric Dental Assocs., P.C. v. DentaQuest USA Ins. Co.*, 295 F. Supp. 3d 843, 862 (M.D. Tenn. 2018) (first citing *Marie v. Am. Red Cross*, 771 F.3d 344, 362–64 (6th Cir. 2014); and then citing *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 828 (6th Cir. 2007)). Hodge has not alleged any facts sufficient to support a reasonable inference that Terminix's conduct with respect to Hodge and his employment satisfies any of these tests.

Hodge alleges that Best, Darden, Newland, and Black are "individuals that acted on behalf of, in concert with, and through and by the authority of" Terminix. (Doc. No. 60, PageID# 210, ¶ 18.) Private persons may act under color of law for purposes of § 1983 if they "'jointly engaged with state officials in [a] prohibited action[.]'" *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (first alteration in original) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)); *see also id.* ("'To act under color of law does not require that the accused be an officer of the State. It is enough that he [or she] is a willful participant in joint activity with the State or its agents.'" (quoting *Adickes*, 398 U.S. at 152)). Hodge has not alleged any facts sufficient to support a reasonable inference that Best, Darden, Newland, and Black acted jointly with state officers or agents with respect to Hodge and his employment.

Hodge therefore has not adequately alleged that any of the defendants acted under color of law for purposes of § 1983 liability.

### C. Hodge's Conspiracy Claims

Hodge's amended complaint alleges that the defendants conspired "to interfere with [his] civil rights" and "neglect[ed] to prevent deprivation of [his] rights." (Doc. No. 60, PageID# 208, ¶¶ 3, 4.) Under Tennessee common law, "[a]n actionable civil conspiracy is a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 703 (Tenn. 2002). Under federal law, § 1985(3) provides a cause of action when "two or more" private persons conspire to violate another person's civil rights, *id.* § 1985(3), and § 1986 extends liability to persons who knowingly "neglect[ ] or refuse[ ]" to prevent such conspiracies, *id.* § 1986. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005).

The defendants' primary argument for dismissing Hodge's conspiracy claims is that the claims are barred by the intracorporate conspiracy doctrine. (Doc. Nos. 63–67.) That doctrine provides that "a corporation cannot conspire with its own agents or employees" who are acting within the scope of their employment. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994); *see also Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019) (quoting *id.* at 839–40). The Tennessee Supreme Court has explained that the intracorporate conspiracy doctrine derives from traditional agency law principles:

> A basic principle of agency is that a corporation can act only through the authorized acts of its corporate directors, officers, and other employees and agents. Thus, the acts of the corporation's agents are attributed to the corporation itself. "The two are not one and another. So merged are their identities, when the agent is acting for the corporation (the only way it can act at all)[ ], that the one may not be an accessory of the other." *Haverty Furniture Co. v. Foust*, 124 S.W.2d 694, 698 (Tenn. 1939) (citations omitted). Because the law requires two or more persons or entities to have a conspiracy, a civil conspiracy is not legally possible where a corporation and its alleged co-conspirators are not separate entities, but instead stand in a principal-agent relationship. *See* 16 Am. Jur. 2d Conspiracy § 56 (1998).

*Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 703 (Tenn. 2002) (alteration in original). Thus, "[a]s long as the agent is acting within the scope of his or her authority, the agent and the corporation are not separate entities and cannot be the sole parties to a conspiracy." *Id.* at 704. Courts apply the intracorporate conspiracy doctrine to Tennessee common law civil conspiracy claims, *see id.* at 703–05, and to federal civil conspiracy claims under § 1985, *see Jackson*, 925 F.3d at 817 (first citing *Johnson*, 40 F.3d at 839–40; and then citing *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1992)).

The defendants argue that Hodge has not alleged that any of the individual defendants acted outside the scope of their employment and, therefore, has not alleged a conspiracy between two or more legal persons. (Doc. Nos. 63–67.) Hodge has not responded to this argument. The amended complaint asserts that Best, Darden, Newland, and Black "acted on behalf of, in concert with, and through and by the authority of TERMINIX GLOBAL HOLDINGS, INC." (Doc. No. 60, PageID# 210, ¶ 18.) It further alleges that the "[d]efendant(s) acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and/or insurers at all times relevant to this action." (*Id.* at ¶ 19.) Even liberally construed in his favor, all of Hodge's allegations regarding the defendants' actions fall within the scope of their employment with Terminix. The intracorporate conspiracy doctrine therefore applies, and Hodge's common law civil conspiracy and § 1985 conspiracy claims should be dismissed.[3] *See Johnson*, 40 F.3d at 841; *Trau-Med of Am., Inc.*, 71 S.W.3d at 704–705. Because Hodge's § 1985 claims should be dismissed for failure to state a claim, the Court should also dismiss his § 1986 claims. *See Haverstick Enters., Inc. v. Financial Fed. Credit,*

---

[3] Because the intracorporate conspiracy doctrine bars Hodge's conspiracy claims, the Court need not address the defendants' alternative argument that Hodge's conspiracy claims fail because he has not alleged underlying tortious conduct.

*Inc.*, 32 F.3d 989, 994 (6th Cir. 1994) (holding that "'there can be no violation of § 1986'" where there is "no violation of § 1985" (quoting *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980))).

### D. Hodge's Equal Pay Claims

The amended complaint asserts that the defendants violated Hodge's right to receive equal pay. (Doc. No. 60.) The defendants construe these claims as arising under the Equal Pay Act (EPA) and argue that Hodge has failed to state a claim for which relief may be granted under that statute because he has not alleged pay discrimination on the basis of his sex. (Doc. Nos. 63–67.) Hodge has not responded to this argument.

"The EPA prohibits employers from paying an employee at a rate less than that paid to an employee of the opposite sex for performing equal work." *Schleicher v. Preferred Sols., Inc.*, 831 F.3d 746, 752 (6th Cir. 2016) (quoting *Beck-Wilson v. Principi*, 441 F.3d 353, 359 (6th Cir. 2006)); *see also* 29 U.S.C. § 206(d). Hodge has not alleged that the defendants paid him less than other Terminix employees because of his sex. He therefore cannot state a claim for relief under the EPA.

### E. Hodge's Human and Indigenous Peoples Rights Claims

The amended complaint alleges that the defendants violated international law governing human rights and the rights of indigenous peoples. (Doc. No. 60.) The defendants argue that Hodge has not identified a sufficient factual or legal basis to state any claims against them for violations of international law. (Doc. Nos. 63–67.) Hodge has not responded to these arguments.

It appears that, liberally construed, Hodge's claims invoke the United Nations Universal Declaration of Human Rights, G.A. Res. 217 (III) A, Universal Declaration of Human Rights (Dec. 10, 1948), and the United Nations Declaration on the Rights of Indigenous Peoples, G.A. Res. 61/295, annex, United Nations Declaration on the Rights of Indigenous Peoples (Sept. 13, 2007). Neither declaration "create[s] a judicially-enforceable cause of action." *Cooper Butt ex rel*

*Q.T.R. v. Barr*, 954 F.3d 901, 905 (6th Cir. 2020) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)); *Williams v. Trump*, 495 F. Supp. 3d 673, 685–86 (N.D. Ill. 2020); *Powell v. N.Y. State Dep't of Educ.*, No. 18-CV-7022, 2022 WL 900605, at *5 (E.D.N.Y. Mar. 28, 2022); *Van Hope-el v. U.S. Dep't of State*, No. 1:18-cv-0441, 2019 WL 295774, at *3 n.2 (E.D. Cal. Jan. 23, 2019); *Bey v. Terminix Int'l, L.P.*, No. 2:17-cv-02597, 2018 WL 3552348, at *3 (W.D. Tenn. July 24, 2018). Hodge's claims addressing violations of his human rights and rights as an indigenous person should therefore be dismissed.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the defendants' motions to dismiss (Doc. Nos. 25, 27, 29, 39, 61) be GRANTED and that this action be DISMISSED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 30th day of January, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge